NEWMAN, Circuit Judge,
dissenting.
The principal issue discussed by the panel majority is the construction of claim terms that determine whether Patent No. 5,449,767 covers direct detection of the signaling moiety, or only indirect detection. The distinction between direct and indirect detection is stated to be material to whether Applera infringes the '767 patent. The principal disputed term concerns the signaling structure represented by “A” in claim 1, and the meaning of “at least one component,” here shown in boldface:
[[Image here]]
1. An oligo- or polynucleotide containing a nucleotide having the structure:
[[Image here]]
wherein B represents a 7-deazapurine or a pyrimidine moiety covalently bonded to the C ‘’-position of the sugar moiety, provided that whenever B is a 7-deazapurine, the sugar moiety is attached at the N 9-position of the 7-dea-zapurine, and whenever B is a pyrimidine, the sugar moiety is attached at the N ‘-position of the pyrimidine;
wherein A comprises at least three carbon atoms and represents at least one component of a signaling moiety capable of producing a detectable signal;
wherein B and A are covalently attached directly or through a linkage group that does not substantially interfere with the characteristic ability of the oligo- or polynucleotide to hybridize with a nucleic acid and does not substantially interfere with formation of the signalling moiety or detection of the detectable signal, provided also that if B is 7-deazapurine, A or the linkage group is attached to the 7-position of the deazapurine, and if B is pyrimidine, A or the linkage group is attached to the 5-posi-tion of the pyrimidine;
wherein one of x and y represents *1158 and the other of x and y is absent or represents — OH or — H; and wherein z represents H — or HO — .
'767 Patent col. 30 1. 48 to col. 31 1. 21 (emphases added). The description of A in the specification includes the following introduction:
A may be any moiety which has at least three carbon atoms and is capable of forming a detectable complex with a polypeptide when the modified nucleotide is incorporated into a double-stranded duplex containing either deoxyribonucleic or ribonucleic acid.
A therefore may be any ligand which possesses these properties, including haptens which are only immunogenic when attached to a suitable carrier, but are capable of interacting with appropri-, ate antibodies to produce complexes.
'767 Patent col. 8 11. 4-14. The specification includes further detail and several specific examples.
Discussion
The construction of the '767 claims is not new to this court. In the prior appeal, Enzo Biochem Inc. v. Applera Corp., 599 F.3d 1325 (Fed.Cir.2010), Applera had argued that A is not the whole signaling moiety, but only part of a multi-component signaling moiety. The district court had found that: “‘A ... is one or more parts of a signaling moiety, which includes, in some instances, the whole signaling moiety.’ ” Id. at 1330 (quoting Enzo Biochem, Inc. v. Applera Corp., No. 3:04cv929, 2006 WL 2927500, at *3 (D.Conn. Oct. 12, 2006)). My colleagues now hold that the district court’s claim construction is incorrect, now concluding that A cannot be the whole signaling moiety, as a matter of grammatical construction of the claim clause.
My colleagues hold that the clause “at least one component of a signaling moiety” requires, as a matter of linguistics, “that the signalling moiety is composed of multiple parts as the term ‘component’ in and of itself indicates a multipart system.” (Maj. Op. at 1155 (emphasis added). Thus the panel majority concludes that A can never “include!], in some instances, the whole signaling moiety,” contrary to the district court’s holding.
My colleagues err. The rules of grammar and linguistics, even in legal documents, do not establish that “at least one” means two or more. Also, precedent has spoken on this point and is directly contrary. See Howmedica Osteonics Corp. v. Wright Med. Tech., Inc., 540 F.3d 1337, 1344 (Fed.Cir.2008) (stating that “at least one” means “one or more”).
The district court construed “at least one” in accordance with not only grammatical logic, but also with the intrinsic record and the extrinsic evidence. The district court found that the specification includes a specific example of direct detection, citing the expert evidence:
[T]he expert evidence indicates that Example 9 could involve direct detection. See Reply Expert Report of Richard R. Sinden, Def. Ex. 13, ¶¶ 56, 57 (citing .Kricka Report, Def. Ex. 10, ¶ 30). Thus, importing into Claim 1 only the examples of indirect detection from the specification would skew the full illustrative range of all examples, resulting in utilization of the specifications as “limitations” on Claim 1 rather than as aids for understanding technical terms.
Enzo Biochem, 2006 WL 2927500, at *3. The district court also found that claims 67, 68 and 70 of the '767 patent “teach direct detection, with ‘A comprising] an indicator molecule.’ ” Id. The district court observed that claim 67 of the '767 patent “teaches that ‘A comprises an indicator molecule,’ and Claims 68 and 70 teach that *1159 ‘An oligo- or polynucleotide of claim 67 where said indicator is fluorescent, electron dense, or an enzyme capable of depositing insoluble reaction products,’ or ‘is selected from the group consisting of fluorescein and rhodamine.’ ” Id. at *4. The district court stated that “in the context of all the dependent claims taken together, the Court sees no basis for inferring from the word ‘comprise’ in certain claims that A must have more than one component, as ■ opposed to suggesting that A may have more than one component.” Id. Applera’s expert Dr. Kricka had so conceded on cross-examination, and the district court summarized, “the jury was entitled to credit Dr. Kricka’s testimony that several parts of the original application disclosed compounds that allowed for direct detection.” Enzo Biochem, Inc. v. Applera Corp., No. 3:04cv929, 2013 WL 3965305, at *8 (D.Conn. Aug. 1, 2013). These factual findings are entitled to deference, in accordance with the Court’s instruction in Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc., — U.S. -, 135 S.Ct. 831, — L.Ed.2d - (2015).
My colleagues on this appeal do not point to any contrary evidence; they simply rule that grammar requires that if the signaling moiety is “at least one component” then there must be at least two components. From this, my colleagues rule that “claim 1 covers only indirect detection,” Maj. Op. at 1155, ignoring the testimony and the district court’s findings and the jury verdict based on the evidence at trial.
In Teva, the Court established that, when construing claims, appropriate deference must be given to the findings of the district court. The district court received some conflicting testimony, along with concessions on cross-examination, from which the court concluded that “at least one component” may include “the whole signaling moiety.” My colleagues show error of neither fact nor law in the court’s findings and conclusions.
Grounds for reversal of the court’s construction that the claims include direct as well as indirect detection have not been shown. From the panel majority’s contrary ruling, I respectfully dissent.